

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

U.S.A. ex rel. ADVANCE CONCRETE, LLC,

    Use Plaintiff,

    v.                                              CIVIL ACTION NO. 2:15cv477

T.H.R. ENTERPRISES, INC.
and HANOVER INSURANCE COMPANY

    Defendants.

### MEMORANDUM OPINION & ORDER

Before the Court is Defendants' Motion to Dismiss or Alternatively Transfer this Miller

Act action, ECF No. 6. In addition to their Motion, Defendants have filed a Memorandum in

Support (ECF No. 7) and a Request for hearing (ECF No. 12). Plaintiff filed a Response in

Opposition to the Motion (ECF No. 9) and Request for Hearing (ECF No. 10). Defendants filed

a Rebuttal Brief to their Motion. ECF No. 11. The Court has now reviewed the Motion and the

related filings, and has determined that a hearing would not aid in the decisional process. This

matter is now ripe for judicial adjudication and for the reasons stated below, Defendants'

Alternative Motion to Transfer is **GRANTED** and the Motion to Dismiss is **DEFERRED** to the

transferee court as it relates to Federal Rule of Civil Procedure 12(b)(6).

### I. FACTUAL AND PROCEDURAL HISTORY

The facts alleged in the Complaint are as follows. Plaintiff Advance Concrete, LLC is a

limited liability company organized and existing under the laws of the State of North Carolina,

having its principal place of business in Greenville, North Carolina. Complaint, ECF No. 1, at ¶ 1. Defendant, THR Enterprises, Inc., is a corporation existing under the laws of the State of Virginia and having its principal place of business in Norfolk Virginia. *Id.* at ¶ 2. Defendant The Hanover Insurance Company is a corporation organized and existing under the laws of the State of New Hampshire, with a principal place of business in Worcester, Massachusetts. *Id.* at ¶ 3.

This case arises from a contract between Defendant THR Enterprises and NAVFAC Mid-Atlantic whereby THR agreed to perform as prime contractor certain labor and furnish certain materials related to the VSSTOL power Check Pad Overhaul at the Marine Corps Air Station in Cherry Point, North Carolina. Compl. ¶ 8. Pursuant to 40 U.S.C. § 3131, Defendant THR has a construction payment bond for the project with Defendant Hanover acting as surety. *Id.* at ¶ 10. THR contracted in writing with Plaintiff Advance on August 5, 2010, whereby Advance agreed to perform certain labor and furnish materials related to the VSTOL Power Check Pad Overhaul at the Marine Corps Air Station in Cherry Point, North Carolina in exchange for payment in the amount of $547,475. *Id.* at ¶ 11. Plaintiff has timely performed all work required under the subcontract, including additional work requested by Defendant THR, however Plaintiff has received no payment. The amount currently do from Defendant to Plaintiff is in excess of 512, 324.48. *Id.* at ¶ 13.

Plaintiff further alleges that THR has submitted for approval the work performed by Plaintiff on the project, and has requested payment from the United States of America for that work, that THR has received payment from the United States, and that the United States raised no complaint regarding the workmanship or sufficiency of the work performed by Plaintiff. *Id.*

at ¶ 16-18.

On February 8, 2013, the parties entered into a Subcontractor Pass-Through Agreement. Pursuant to the Pass-Through Agreement, Plaintiff submitted a claim through THR to the Government for added cost and expenses incurred by reason of the Government's specifications requiring "FireRok" as an accepted product for a portion of Advance's work at the Project. *Id.* at 21-22. On October 30, 2014, the Contracting Officer for the Project denied Plaintiff's Pass-Through Claim for the portion of the claim asserted herein for which the Government may have had liability to THR. *Id.* at 24. Plaintiff's total claim is in the amount of $512,324.48. Id. at ¶ 30. Of that amount, Plaintiff alleges only $30,494, the amount for which the Government may be liable, had accrued prior to March 16, 2011. *Id.* Of the total amount of Plaintiff's claim, $339,784.48 is unrelated to the FireRok product, but was caused solely by THR's acts and omissions and for which the Government is in no way liable. *Id.* at 31.

Plaintiff filed its Complaint on October 29, 2015. Defendants filed the instant Motions on November 24, 2015.

The Court received memoranda in support of the parties' positions, as well as request for a hearing by both parties. However, after reviewing the briefs and the law the Court determined that a hearing was not necessary, and adjudicates the Motions on the papers as discussed below.

## II. LEGAL STANDARD

Defendants move this Court to (1) dismiss this action pursuant to 28 U.S.C. § 1406(a) and Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer the action pursuant to same or 28 U.S.C. § 1404(a). Defendants further move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6).

## A. Motion to Transfer

A civil action must be commenced in a proper venue. Pursuant to Title 28 United States Code Section 1391, an action may be commenced in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

Cases brought pursuant to the Miller Act, 40 U.S.C. § 3133 "must be brought in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy."

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court must conduct two inquiries in determining whether to grant a motion to transfer venue: "(1) whether the claims might have been brought in the transferee forum; and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 735 (E.D. Va. 2007) (quoting *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003). The statute "is intended to place discretion in the district court to adjudicate motions for transfer of venue according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v.*

*Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

**B. Motion to Dismiss**

Where a case is filed in an improper venue, a party may seek dismissal and/or transfer to a proper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406. *Beatgasm, LLC v. Punchkick Interative, Inc.*, 2015 WL 4394260 at *3 (E.D. Va. June 25, 2015) (citing Van Dusen v. Barrack, 376 U.S. 612, 634 (1964)). Section 1406 was "broadly designed to allow transfer instead of dismissal where venue is 'wrongly or improperly laid'". Id. When determining whether venue is improper, "a forum selection clause has no bearing on the analysis, rather the question is whether the venue requirements set forth in 28 U.S.C. § 1391 are satisfied." *Beatgasm*, 2015 WL 4394260 at * 3 (citing *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western Dist. Of Texas*, 134 S.Ct. 568, 581 (2013)) ("Whether the parties entered into a contract containing a forum selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b))).

Defendant's Motion to Dismiss is based partly on Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of actions that fail to state a claim upon which relief can be granted. *See* Fed. R. Civ P. 12(b)(6). The Supreme Court has stated that in order "[t]o survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (internal quotations omitted)). Specifically, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, at the motion to dismiss stage, the Court is bound to accept all of the

factual allegations in the Complaint as true. *Id.* at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Assessing the claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

The Court will address each of Defendant's Motions separately. For the reasons outlined below, the Motion to Transfer is **GRANTED** and the Motions to Dismiss are **DENIED** in part.

### A. The Eastern District of North Carolina, Western Division is a Proper Venue.

Defendant seeks transfer of this action to the United States District Court for the Eastern District of North Carolina, Western Division. The Court must first address whether this action could have been brought in the Eastern District of North Carolina. Pursuant to the Miller Act, cases brought under that title "must be brought in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy." 40 U.S.C. § 3133. Performance in this case occurred in Cherry Point, North Carolina, a city in the Eastern District of North Carolina. Venue is also proper in the Eastern District of North Carolina, because a substantial amount of the events giving rise to this action (specifically, the performance of the contract which underlies this lawsuit) took place in North Carolina. Therefore, the Eastern District of North Carolina is a proper venue.

### B. Transfer to the Eastern District of North Carolina is Warranted.

The Court having satisfied itself that venue in the United States District Court for the Eastern District of North Carolina is proper, and that this suit could have been brought in that district in the first instance, the Court must now turn to the question of whether transfer is

6

warranted. The decision to transfer a civil action pursuant to § 1404 is committed to the sound discretion of the district court. *See Beam Laser Sys., Inc. v. Cox Commc'ns, Inc.*, 117 F. Supp. 2d 515, 517 (E.D. Va. 2000) ("The decision whether to grant a motion to transfer venue is within the sound discretion of the district court."). In ruling on a motion to transfer, the Court must consider several factors relating to convenience and justice: (1) the plaintiff's choice of venue; (2) the convenience of the parties' and (3) the interest of justice. *See, e.g. Aligent Techs., Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322, 326 (E.D. Va. 2004).

### 1. The Plaintiff's Choice of Venue

It is the practice of our federal courts, when balancing the interest of convenience and justice, to give "substantial weight" to the plaintiff's choice of forum. *Telepharmacy Solutions, Inc. v. Pickpoint Corp.*, 238 F. Supp. 2d 741, 743 (E.D. Va. 2003). However, "the plaintiff's choice of forum is not entitled to substantial weight if the chosen forum is not the plaintiff's 'home forum,' and the cause of action bears little or no relation to the chosen forum." *Lycos, Inc. v. TiVo, Inc.*, 499 F. Supp. 2d 685, 692 (E.D. Va. 2007). Instead, "if there is little connection between the claims and [the chosen forum], that would militate against a plaintiff's chosen forum and weigh in favor of transfer to a venue with more substantial contacts." *Id.* (citing *Koh*, 250 F. Supp. 2d at 635). *See also Verosol B.V. v. Hunter Douglas, Inc.*, 806 F. Supp. 582, 593 (E.D. Va. 1992) (noting that because "the cause of action is at best only tenuously related to this forum, plaintiff's initial venue choice will not impede transfer if the relevant § 1404 factors point to another forum"); *Airport Working Group of Orange County, Inc. v. Dep't of Def.*, 226 F. Supp. 2d 227, 230 (D.D.C. 2002) ("Deference to plaintiffs' forum choice is diminished where, as here, transfer is sough to the plaintiff's resident forum.").

Here, Virginia is not the home forum of Advance, who has its principal place of business in Greenville, North Carolina. Further, Advance is organized and incorporated under the laws of North Carolina. Additionally, the project at issue in this case is located in the Eastern District of North Carolina, not the Commonwealth of Virginia. It is true that Defendant THR Enterprises is a Virginia corporation with its principal place of business in Norfolk, Virginia. However, that fact alone is not dispositive.

Plaintiff argues that this case must remain in Norfolk because of a forum selection clause consenting to venue and jurisdiction in the Eastern District of Virginia, Norfolk Division, which was a part of the 2013 Pass-Through Agreement. ECF No. 9 at 6. Certainly, validly executed and reasonable forum selection clauses can alter venue. *Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 5 (1972); *National Equipment Rental, Ltd. V. Szukhent*, 375 U.S. 311, 315 (1964). It is also true that the presence of a forum selection clause in a contract is a significant factor that figures in the Court's determination of whether to transfer a case under § 1404(a). Brok v. Entre. Computer Ctrs., Inc., 933 F.2d 1253, 1258. It is not clear that the United States Court of Appeals for the Fourth Circuit has followed those of its sister circuits that permit a forum selection clause to overrule the Miller Act's venue requirement. *See In re Fireman's Fund Insurance Companies*, 588 F.2d 83, 94 (5th Cir. 1979); *United States for use and Benefit of B & D Mechanical Contractors, Inc. v. St. Paul Mercury Insurance Company*, 70 F.3d 1115, 1117 (10th Cir. 1995); *FGS Contractors, Inc. v. Carlow*, 64 F.3d 1230, 1233 (8th Cir. 1995); *United States ex rel. Pittsburgh Tank and Tire Inc. v. G & C. Enterprise*, 62 F.3d 35, 36 (1st Cir. 1995).

Plaintiff argues that Pass-Through Agreement's forum selection clause applies. The Agreement explicitly provides that "if adjudication is sought by either party in conjunction with

this agreement, then this agreement shall be interpreted and construed in accordance with the laws of the Commonwealth of Virginia, and each party hereto consents to the venue and jurisdiction of the Eastern District of Virginia, Norfolk Division or the Norfolk Virginia Circuit Court as the sole and exclusive courts to decide any controversies arising hereunder." ECF No. 1-E. This argument is unavailing. The forum selection clause is not a part of the payment bond. Further, Plaintiff has not alleged any breach by Defendant Hanover of the Pass-Through Agreement.

Therefore, the Court gives Plaintiff's choice of forum only slight weight, as this is not the Plaintiff's home forum, and the forum selection clause of the Pass-Through Agreement does not supersede the statutory requirement of the Miller Act. Thus, Plaintiff's choice to litigate in the Eastern District of Virginia will not impede transfer, if the other factors relating to convenience and justice point to the Eastern District of North Carolina. *Versol B.V.*, 806 F. Supp. At 593.

**2. The Convenience of the Parties and Witnesses**

The Court next evaluates the convenience of the parties and witnesses. In so doing, the Court considers factors such as "ease of access to sources of proof, the cost of obtaining the attendance of witnesses, and the availability of compulsory process." *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 717 n. 13 (E.D. Va. 2005).

It seems to the Court that the majority of the relevant witnesses for both parties are in the Eastern District of North Carolina. The Government witnesses, materials supplier S.T. Wooten, the project itself, and Plaintiff are all located in the Eastern District of North Carolina. Additionally the Contracting Officer and other personnel that are associated with the project are located in the Eastern District of North Carolina. Other than the fact that THR is a Virginia

corporation with its principal place of business in Norfolk, Plaintiff has not articulated with specificity facts that indicate which, if any, Virginia THR witnesses would testify. The Court therefore finds that the convenience of the parties and witnesses tilts in favor of transfer.

### 3. The Interest of Justice

When weighing whether transfer would be in the interest of justice, the Court's considerations "encompass[s] public interest factors aimed at systemic integrity and fairness." *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006). Most prominently, the Court considers "judicial economy and the avoidance of inconsistent judgments." *Id.* Additional factors the Court should consider include "docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." *Id.*

The Eastern District of Virginia has a limited connection to this case, while the Eastern District of North Carolina has a strong connection. The facts giving rise to this case, the parties, and the evidence and witnesses have a substantial nexus with North Carolina. Further, the Eastern District of North Carolina is currently deciding a case which largely deals with the same facts as alleged in this action. That case, brought by S.T. Wooten against THR Enterprises and The Hanover Insurance Company, 5:13cv271, is still pending and its resolution hinges on the same issues before this Court. Because that case involves similar issues and parties, the Court finds that the interests of judicial economy and the avoidance of inconsistent judgments tilt in favor of transfer.

## C. Motion to Dismiss

Defendants move pursuant to § 1406 and Federal Rule of Civil Procedure 12(b)(3) to dismiss this action because venue in this District is improper. The Court refuses to do so. As the Court has articulated above, the interests of justice militate in favor of transfer, not dismissal. Thus, the case will be transferred but not dismissed. Further, because the Court has ordered this case transferred, it declines to rule on the Defendants' Rule 12(b)(6) Motions to Dismiss, as the transferee court is the more appropriate forum to address those Motions.

## IV. CONCLUSION

After a thorough and exhaustive review of the Complaint, the Motions and briefs on the Motions, and the accompanying attachments, the Court concludes that transfer of this case is appropriate. Therefore, Defendants' Motion to Transfer is **GRANTED**. This matter is hereby **TRANSFERRED** to the United States District Court for the Eastern District of North Carolina. The Clerk shall take the necessary steps to effect the transfer. To the extent Defendant's Motion to Dismiss seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), that Motion is **DEFERRED** to the transferee court.

The Clerk is **DIRECTED** to send a copy of this Order to all parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
May _18_ , 2016

_____
Raymond A. Jackson
United States District Judge